Cartter, C. J.,
delivered the opinion of the court:
In the case of Elizabeth C. Cowan against Cordelia Beall, which was submitted at the close of the session on yesterday, the court have come to the conclusion to affirm the decree below.
The bill of complainant sets forth in substance.that on the 9th day of July, 1864, Mrs. Beall, being the owner of a house *272 and lot in the town of Biadensburg, county of Prince George, Md., put it upon the market and found a purchaser in Mrs. Cowan; and after negotiation they came to the conclusion to sell and buy for the sum of $1,700, as a cash-sale; possession to follow the purchase. In furtherance of this agreement the parties met in this city, Mrs. Beall accompanied by a magistrate from Prince George County, Maryland, by the name of Hopkins.
The deed was drawn up in due form with full covenants, signed by Mrs. Beall, acknowledged before said Hopkins, and delivered to Mrs. Cowan, who thereupon paid to Mrs. Beall $1,000.
Mrs. Cowan had been disappointed in getting all her money ready, so that at the time of the delivery of the deed $700 remained unpaid, which it was agreed should be paid in a short time.
To secure this, Mrs. Beall desired Mrs. Cowan to execute a mortgage on the premises, which was talked of, but never done; but a bond was afterward executed by a man named James, from New Jersey, for $700, and delivered by Mrs. Cowan to Mrs. Beall.
The facts thus far are all agreed to, but here the concurrence ceases. Mrs. Cowan claims that she afterward paid Mrs. Beall the $700, and Mrs. Beall denies it.
Here is the issue in the case: Was this $700 paid? The complainant, in corroboration of her statement, presents a series of papers, a receipt for $100, a promissory note for $300, given by her to respondent, and taken upj and a promise by respondent to return to complainant the said bond, which it is agreed all around never was restored to Mrs. Cowan.
This promise reads as follows:
“I promise to return to Mrs. Cowan (if found) a bond belonging to her and mislaid by me between July 10 and this date, I holding her promissory note for the balance due (three hundred dollars) on house in Biadensburg.
“ CORDELIA BEALL.
“ July 25,1861.”
The note, purporting to be signed three days before, and which is in Mrs. Cowan’s handwriting, is as follows:
*273 “ Twenty days after date I promise to pay Mrs. Beall three hundred dollars, balance due on house bought July —, 1864.
E. C. COWAN.
Washington, July 22, 1864.”
[Indorsed:] “ C. Beall.”
Date after July torn off.
The receipt is as follows:
“ Received of Mrs. Cowan four hundred dollars. Note for three hundred for twenty days, in payment for house bought on 9 July, 18 — .
Washington, July 22,1864.
CORDELIA B-”
Balance name and date torn off.
These several evidences of written proof are presented by Mrs. Cowan, two having been executed by Mrs. Beall, and the other by Mrs. Cowan to Mrs. Beall, and taken up. And the vouchers are met by the declaration that they are forgeries, and sustained by falsehood and perjury. And the court is called upon to pass upon this delicate issue between these two ladies. That one or the other of them has forgotten the facts distressedly, there can be no doubt.
The question occurs, upon which side is the preponderance of evidence and the burden of proof? Here is a contract for the sale of the property, the grantor going out of possession and the grantee going in with the consent of the grantor. The sale was made upon a cash basis; $1,000 paid, and the balance guaranteed by the bond given. So we think that so far as the acts of these parties are concerned, in consummating the arrangement, the testimony is decidedly in favor of Mrs. Cowan.
The evidence shows Mrs. Beall to be a woman of some experience, and having an eye to speculation she bought this property to sell, and sold it within a year at a greatly increased price. It is hardly to be presumed, we think, that a woman of this astuteness and shrewd business qualifications would deliver up the possession of her house to a purchaser without provision being made for the payment of the purchase-money. She certainly did not, but required a guaran *274 ty; and the bond for $700 was given to secure the payment of that balance.
These three exhibits presented by Mrs. Cowan are either true, or they involve a series of complications and forgeries that would do credit to the hand of a masculine adept who has had the benefit of two or three convictions and the experience of some years’ service in the penitentiary. For it would require the discipline of a penitentiary education to prepare a man for the commission of such cunningly-devised forgeries as are charged upon this woman. But upon what basis is it claimed that there is any proof of forgery here, after departing from the oath of the parties? The signatures of these papers are claimed not to be genuine, and here we are treated to the opinion of half a dozen men who claim to be experts, and who come up and give us their views as to the genuineness of.these signatures. Of all kinds of evidence admitted in a court, this is the most unsatisfactory. It is so weak and decrepit as scarcely to deserve a place in our system of jurisprudence. We have one genuine signature to the deed, and that itself is a flat contradiction to the evidence that the others are not also genuine. We are satisfied that these papers were executed as they purport to be, from the light of all the circumstances, and now the only question remaining is as to whether we shall correct the execution of the deed defectively acknowledged.
The Maryland justice of the peace, Hopkins, for the purpose of relieving himself from the censure of exercising official functions where he had no right to, says that he informed Mrs. Cowan that the acknowledgment before him would be void; but that, notwithstanding, she insisted on his taking the acknowledgment, and insisted on giving the $1,000 to Mrs. Beall on the property. It is a little singular that this Hopkins should come here with Mrs. Beall, for her agent who affected the sale lived here, and she certainly had no use for Hopkins unless it was to enable him to be present to inform Mrs. Cowan as to the effect of his exercising his enlarged jurisdiction in Washington.
The decree below is affirmed, but inasmuch as it will require a decree to perfect the complainant’s title, counsel will prepare oue in accordance with these views, and submit it to the court.